IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 11 |
| INTEGRA, INC. | : |
|       DEBTOR(S) | : BANKRUPTCY NO. 02-30594 SR |
| INTEGRA, INC. | : |
|       PLAINTIFF | : ADVERSARY NO. 04-00767 SR |
| V. | : |
| WORKPLACE OPTIONS, INC. | : |
|       DEFENDANT | : |

# OPINION

By:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

**I.   Introduction**

Before the Court is Defendant Workplace Options, Inc.'s ("Workplace Options") Motion for Summary Judgment ("Motion"). Debtor/Plaintiff Integra, Inc. ("Debtor") opposes the Motion. The Court held a hearing on this matter on March 29, 2005. For the reasons stated below, the Court will deny the Motion.

**II.   Background**

On July 26, 2002, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On July 26, 2004, Debtor commenced an adversary proceeding against Workplace Options–an unsecured creditor–seeking to avoid and recover preferential transfers that it allegedly made to Workplace Options during the 90 days preceding its filing pursuant to 11 U.S.C. §§ 547 and 550. Debtor alleges the transfers made during the 90-day preference period, April 27 to July 26, 2002 ("Preference Period"), totaled $105,658.45. Workplace Options seeks summary judgment in its favor on the basis that it provided new

value to the Debtor, within the meaning of 11 U.S.C. § 547(c)(4), to fully offset Debtor's preference claim.

Workplace Options provides consultation and referral services through employee assistance programs and third-party organizations. Workplace Options and Debtor entered into a Contract for Services on May 1, 2001. Workplace contends that, as of April 27, 2002–the start of the Preference Period–Debtor owed an outstanding balance to Workplace Options of approximately $64,000. Debtor alleges it made eleven transfers within the Preference Period totaling $105,658.45. Workplace Options, however, alleges that it continued to render services to Debtor during the Preference Period which more than offset Debtor's preferential transfers.[1]

Debtor argues that summary judgment should be denied because a genuine issue of material fact exists concerning when Workplace Options provided new value to Debtor. In the alternative, Debtor argues that Defendant cannot offset the entire preference claim because Debtor paid for at least some of the new value. Finally, Debtor argues that Workplace Options has failed to apply the correct rule of calculation. Specifically, Debtor contends that, instead of applying the "subsequent advance rule," Workplace Options has erroneously applied the "net result rule," a rule repeatedly rejected by this Court and others.

For the reasons outlined below, the Court will deny Workplace Options' Motion.

---

[1] In support of its claims, Workplace Options offered into evidence fifteen invoices dated April 30, 2002 to July 26, 2002 totaling $118,771.87.

2

**III.    Discussion**

    A.    <u>Legal Standard</u>[2]

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings through F.R.B.P. 7056, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). For purposes of Rule 56, a fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden of demonstrating that no genuine issue of fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

The court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one-sided that one party must prevail as a matter of law. *See Anderson*, 477 U.S. at 247-252, 106 S. Ct. at 2509-12. In making this determination, the court must consider all of the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party, and against the movant. *See United States v. Premises Known as 717 South Woodward Street*, 2 F.3d 529, 533 (3d Cir. 1993); *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir. 1990), *cert. denied*, 499 U.S. 921, 111 S. Ct. 1313, 113 L.Ed.2d 246

---

    [2] Jurisdiction exists in this matter under 28 U.S.C. § 1334(b), preference matters being core proceedings under 28 U.S.C. § 157(b)(2)(F).

(1991); *Gould, Inc. v. A & M Battery and Tire Service*, 950 F. Supp. 653, 656 (M.D. Pa. 1997).

    B.    <u>Preferential Transfers</u>

Under § 547(b), a debtor's trustee[3] may avoid certain preferential transfers made by the debtor to a creditor within the 90-day period prior to debtor's bankruptcy filing:

> the trustee may avoid any transfer of an interest of the debtor in property–
>
> (1) to or for the benefit of the creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
>     (A) on or within 90 days before the date of the filing of the petition . . . .

11 U.S.C. § 547(b). However, even if a creditor has received a preference that is voidable under § 547(b), the creditor may nonetheless keep the preferential transfer if the transfer falls within any of the safe harbor subsections of § 547(c). A trustee bears the burden of proving all of the elements of § 547(b). 11 U.S.C. § 547(g). If the trustee carries its burden, the creditor then has the burden to prove the nonavoidability of the transfer under § 547(c). *Id.*

For purposes of its Motion, Workplace Options does not dispute that the transfers made by Debtor are otherwise voidable as preferences under § 547(b). Accordingly, the Court turns to whether Workplace Options has met its burden of proving nonavoidability

---

[3] Because Integra is acting as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108, it is empowered to perform, with certain limitations, all of the functions and duties of a trustee serving in a case, including the avoidance and recovery of preferential transfers.

4

under any of the safe harbor provisions of § 547(c).

### C.  Subsequent New Value

The only subsection relevant to this case is § 547(c)(4) which excludes from the trustee's avoidance powers transfers followed by the creditor's exchange of "new value" to the debtor.  *See Computer Personalities Sys. v. Aspect Computer*, 2004 WL 1607005, at *5 (E.D. Pa. July 2, 2004).  The statutory defense provides:

> (c) The trustee may not avoid under this section a transfer–
> . . .
> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor–
> > (A) not secured by an otherwise unavoidable security interest; and
> > (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor[.]

11 U.S.C. § 547(c)(4).  The logic of this defense is that an otherwise preferential transfer is not avoidable to the extent that, after the transfer, the creditor provided the debtor with new value that replenished the debtor.  *See, e.g., In re Phoenix Restaurant Group, Inc. v. Ajilon Professional Staffing LLC*, 317 B.R. 491, 495 (Bankr. M.D. Tenn. 2004).

To satisfy the first two elements of the subsequent new value defense, the creditor must have given unsecured new value,[4] and the new value must have been given <u>after</u> the

---

[4] "New value," as defined in § 547 is:
> money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law,

(continued...)

5

preferential transfer. This is commonly referred to as the "subsequent advance rule."[5]

In the instant case, there appears to be no dispute that value was given by Defendant. What is in dispute is *when* such value was given, the answer to which will determine whether the value constitutes new value for purposes of § 547(c)(4). Debtor argues that a simple review of the invoices offered into evidence by Workplace Options does not reveal when the services were rendered. In doing so, Debtor contends that the invoices fall into two categories–those dated at the start of the month and those dated at the end of the month–with the exception of two invoices dated the same date as Debtor's bankruptcy filing. Debtor argues that the invoices dated at the start of the month forecast services to be provided in the future, whereas the invoices dated at the end of the month act as conciliatory invoices, relating to services previously provided. In either case, Debtor argues that the invoice date alone cannot confirm when the services were rendered, and

---

[4](...continued)
> including proceeds of such property, but does not include an
> obligation substituted for an existing obligation.

11 U.S.C. § 547(a).

[5] Debtor additionally argues that Defendant has misapplied the subsequent advance rule, and has instead applied a formerly-accepted judicially created doctrine known as the "net result rule." Using the "net result rule," courts previously set off new value provided by the creditor over the entire pre-petition preference period against preferential payments made during that same period. *See American Int'l Airways, Inc. v. Krain Outdoor Advertising, Inc.*, 68 B.R. 326, 336 (Bankr. E.D. Pa. 1986). Courts have since done away with the "net result rule" and replaced it with the subsequent advance rule, which is simply stated as "foreclos[ing] avoidance of the transfer by the trustee . . . if the creditor provides additional value after the transfer from the debtor to the creditor." *Id.* (omitting citations). Accordingly, the Court will look not at the net result of the dealings between the parties over the 90-day preference period but only at what new value was provided <u>after</u> any preferential transfers. Note also that the Court will leave for another time the issue of whether a new value analysis performed in the instant case requires that the new value remain unpaid.

therefore a genuine issue of material fact exists concerning this issue.

The Court agrees with Debtor. A material issue in this case is whether new value was provided by Defendant <u>after</u> preferential transfers were made by Debtor. The Court cannot determine by simply looking at the date of the invoice <u>when</u> services were rendered. As such, this issue is not ripe for summary judgment.[6] Consequently, the Court will deny Defendant's Motion.

## IV.    Conclusion

For the reasons stated above, the Court will deny Workplace Options' Motion. An appropriate order follows.

BY THE COURT:


STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE

DATED: MAY 9, 2005

---

[6] Notwithstanding the above, Debtor has conceded that the maximum exposure of Defendant is $11,023.91–even performing the new value analysis in terms most favorable to Debtor. Accordingly, the Court will enter an order limiting Defendant's exposure to that amount, subject to a full and proper new value analysis being performed by the Court following resolution of the parties' factual issues.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 11 |
| INTEGRA, INC. | : |
| DEBTOR(S) | : BANKRUPTCY NO. 02-30594 SR |
| INTEGRA, INC. | : |
| PLAINTIFF | : ADVERSARY NO. 04-00767 SR |
| V. | : |
| WORKPLACE OPTIONS, INC. | : |
| DEFENDANT | : |

# ORDER

**AND NOW**, upon consideration of Workplace Options, Inc.'s Motion for Summary Judgment ("Motion"), and opposition thereto, and after a hearing held thereon on March 29, 2005, it is hereby:

**ORDERED,** that for the reasons stated in the accompanying Opinion, the Motion is DENIED.

**IT IS FURTHER ORDERED,** however, that, Defendant's preference exposure shall not exceed $11,023.91. Defendant's actual liability, if any, shall be determined at trial.

BY THE COURT:

STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE

DATED: May 9, 2005

**MAILING LIST:**

George M. Conway, III, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Harry J. Giacometti, Esquire
Colleen A. Garrity, Esquire
Smith, Giacometti & Chikowski
The Land Title Building, Suite 1200
100 South Broad Street
Philadelphia, PA 19110

Jennifer Hiller-Nimeroff, Esquire
Weir & Partners LLP
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107